UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAMSON COUNTY BOARD OF EDUCATION, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) No. 3:07-0826 ) Judge Echols ) |
| C.K., as parent and next friend of C., a minor child, | ) ) ) ) |
| Defendant/Counter-Plaintiff. | ) |

## MEMORANDUM

Defendant/Counter-Plaintiff C.K., as parent and next friend of C., a minor child, ("C.K."), filed an Application Of The Defendant/Counter-Plaintiff For Attorneys' Fees And Costs (Docket Entry No. 61), to which Plaintiff Williamson County Board of Education ("the Board") filed a response in opposition (Docket Entry No. 67), C.K. filed a reply (Docket Entry No. 68), and the Board filed a sur-reply (Docket Entry No. 69).[1]

This case was previously before the Court for a bench trial under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A) & (i)(3)(A), and its implementing regulations, and the Rehabilitation Act, 29 U.S.C. 794(a). Following entry of the Court's Memorandum and Order on February 27, 2009 (Docket Entry Nos. 58 & 59), C.K. claims to be the prevailing party and seeks attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) and 28 U.S.C. § 1920. C.K. seeks attorney's fees for the state administrative proceeding as well as the federal litigation in this Court.

---

[1]The Board's Motion For Leave To File Sur-Reply (Docket Entry No. 69) will be granted.

1

Two attorneys represented C.K during the case. Marcella Derryberry represented C.K. in the state administrative proceeding and in federal court. C.K. asks that Ms. Derryberry be compensated at the rate of $250 per hour for 606.02 hours of work, which produces a total fee award request of $151,505.00. Jack Derryberry joined the representation of C.K. when the Board's petition for review filed in state court was removed to federal court. C.K. requests that Mr. Derryberry be compensated at the rate of $265.00 per hour for 130.73 hours of work, which produces a total fee award request of $34,643.45.[2] Added together, these amounts result in a grand total attorney's fee request of $186,148.45. The Board challenges the attorney's fee award on several grounds, to be discussed below.

In addition, C.K. seeks recovery of costs in the total amount of $6,487.28. This amount is comprised of $350.00 for the federal court filing fee and $6,137.28 for deposition costs.[3] Copies of the invoices supporting the Statement of Costs were not produced.

Ordinarily, costs of federal litigation, such as the filing fee and deposition expenses, are recouped under 28 U.S.C. § 1920. Local Rule 54.01(a) requires that the party seeking costs file a Bill of Costs within thirty (30) days from entry of judgment in the case and provide documentation to support the amounts requested. C.K.'s attorneys did not submit a Bill of Costs. Because the Board does not object to the request for costs, the Court will overlook the lack of compliance with

---

[2]The Court notes that the product reached by multiplying $250 by 606.02 hours ($151,505.00) does not match the total of $151,054.21 shown on the billing statement for Marcella Derryberry. (Docket Entry No. 61-3 at 26.) Likewise, the product reached by multiplying $265 by 130.73 hours ($34,643.45) does not match the total of $34,648.73 shown on the billing statement for Jack Derryberry. (Docket Entry No. 61-5 at 6.) The Court will use the figures of $151,505.00 and $34,643.45.

[3]The total for the four deposition invoices listed on the Statement of Costs (Docket Entry No. 61-8) is $6,137.28, not $6,167.83 as shown.

2

Local Rule 54.01(a) and award C.K. the total amount requested of $6,487.28 in costs. In future cases, counsel should comply with Local Rule 54.01(a).

## I. STANDARD OF REVIEW

The IDEA provides for an award of reasonable attorney's fees to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B). Fees awarded under the statute must be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. Id. No bonus or multiplier may be used in calculating the fees awarded under the IDEA. 20 U.S.C. § 1415(i)(3)(C). Fees may be awarded under the IDEA for time spent on the state administrative proceedings. Massachusetts Dept. of Public Health v. School Committee of Tewksbury, 841 F.Supp. 449, 459 (D.Mass. 1993). The Sixth Circuit interprets the attorney's fee provision of the IDEA by analogy to a request for fees under 42 U.S.C. § 1988. Phelan v. Bell, 8 F.3d 369, 373 (6th Cir. 1993).

To be a "prevailing party," the parent of a child with a disability must succeed on any significant issue in litigation which achieves some of the benefit the parent sought in bringing suit. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). At a minimum, the parent must point to a resolution of the dispute which changes the legal relationship between the parent and child and the school system, and the relief must directly benefit the child at the time of the judgment. See Texas State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-793 (1989). The prevailing party inquiry "does not turn on the magnitude of the relief obtained." Farrar v. Hobby, 506 U.S. 103, 114 (1992). The Court may consider, however, whether the prevailing party's success on a legal claim was purely technical or de minimis, such that the Court would be justified in concluding that even the "generous formulation" of Hensley for obtaining prevailing party status and an award

3

of fees has not been satisfied. Texas State Teachers Assoc., 489 U.S. at 792. Even prevailing parties may not be entitled to an attorney's fee award if "special circumstances would render such an award unjust." Hensley, 461 U.S. at 429.

After reaching a determination on prevailing party status, the Court then turns to the calculation of a reasonable attorney's fee. As an objective starting point, the Court first determines the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate. Phelan, 8 F.3d at 374. In calculating the number of hours reasonably expended, the Court must exclude billed hours that are excessive, redundant, or otherwise unnecessary. Wayne v. Village of Sebring, 36 F.3d 517, 531 (6th Cir. 1994). The Court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. Id. at 533.

The Court may then adjust the objective figure for such factors as common facts or related legal theories. Phelan, 8 F.3d at 374. "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley, 461 U.S. at 436. In this situation, the Supreme Court has counseled district courts not to view the suit as a series of discrete claims, but to focus instead on the significance of the overall relief obtained by the prevailing party in relation to the hours reasonably expended on the litigation. Id. at 435; Phelan, 8 F.3d at 374. Limited success may justify a reduction in the objective amount, but the Court may not reduce the initial figure by simply comparing the total number of issues in the case with those actually prevailed upon. Phelan, 8 F.3d at 374. For example, the Court may not reduce the total fee amount by seventy-five percent (75%) simply because the prevailing party technically succeeded on only one of four issues. Id.

4

No precise formula for making the fee determination exists. Hensley, 461 U.S. at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment[]" in light of the relevant factors. Id. at 436-437.

## II. ANALYSIS

The Board does not dispute that C.K. qualifies as a prevailing party who is entitled to an attorney's fee award. The Board does not identify any special circumstances that would render a fee award in this case unjust.

The hourly rate set by the Court must provide adequate compensation to attract competent counsel, yet avoid producing a windfall for the lawyers. Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Id. The Court has included these considerations in its analysis as well as the Derryberry's declarations and information about the Nashville market supplied by the declarations of Gary Housepian and William H. Farmer. These attorneys attest that the hourly billing rates requested ($250.00 per hour for Marcella Derryberry and $265.00 per hour for Jack Derryberry) are commensurate with their levels of experience and expertise as evaluated in the Nashville legal market. (Docket Entry Nos. 61-6 & 61-7.) The Court also relies on its own experience and knowledge of prevailing market rates in Nashville for this type of litigation. See Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005). Finally, the Court has also considered the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other

5

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Court finds that $250.00 per hour is a reasonable rate for attorney work done by Marcella Derryberry and $265.00 per hour is a reasonable rate for attorney work done by Jack Derryberry.

**A. Duplicative fees**

The Court must initially turn its attention to the Board's contention that Mr. Derryberry's fees as co-counsel are duplicative in their entirety of hours billed by Ms. Derryberry. The Board contends that Mr. Derryberry entered an appearance in federal court as co-counsel and both attorneys claim to specialize in special education/disability matters, but the Derryberrys have not shown why the expertise of both of them was necessary to litigate the case. Alternatively, the Board argues that, if Mr. Derryberry's hours are not eliminated completely, then hours billed for duplicate work must be omitted. In the further alternative, the Board contends that Ms. Derryberry's billing rate is excessive and should be reduced if Mr. Derryberry was the lead attorney responsible for C.K.'s representation in federal court.

The Court believes the approach taken in <u>Massachusetts Dept. of Public Health</u> is appropriate to follow here. In that case, two attorneys who were not in a supervisory relationship both billed fees for hours worked on the case. 841 F.Supp. at 459. The district court pointed out that "conferences between an associate and a supervising partner are necessary to effective and diligent representation, and in the end reduce the amount of unnecessary time spent on a case." <u>Id.</u> The court found, however, that the working relationship between the two lawyers before it was more akin

6

to co-counsel. Id. Since the attorneys functioned as co-counsel rather than as a partner supervising a relatively inexperienced associate, the court determined that the opposing party "should not bear the total burden of double expenditures for attorney time. Work divided between two experienced attorneys is not automatically duplicative, however, and deductions will be made only where the billing is not reasonable." Id.

The district court also found that holding conferences to discuss the case "was consistent with the demands of reasonably diligent and reasonably competent representation. It is not unreasonable for attorneys to consult one another about strategy or law, or meet in person to develop guidelines about work to be performed." Id. With certain exceptions, the court ruled that the number of hours the attorneys spent in conference with one another was reasonable given the complementary experience each attorney brought to the case. Id. For double billing of joint court appearances, the court compensated in full the attorney who addressed the court and reduced by fifty percent (50%) the fee of the other attorney. Id. A similar rule was imposed for depositions. Id.

The Court finds that Mr. Derryberry's fees should not be eliminated entirely. The Court is familiar with the experience and expertise of the Derryberrys, and the Court believes their working relationship in this case was in the nature of co-counsel. The Court will permit reasonable billings for joint conferences to discuss strategy or law or to meet for the purpose of dividing the work to be performed. Work performed by only one attorney will be reimbursed, if the billing is otherwise reasonable. The Court will consider that Mr. Derryberry and Ms. Derryberry each addressed the Court orally at court hearings and each presented different aspects of argument during the bench trial. The Court will compensate both attorneys for their complementary work on the case, but the Court will make deductions for truly duplicative work, where one attorney would have sufficed.

7

The Board alleges that the Derryberrys made nineteen (19) time entries that are duplicative in nature. With regard to the Board's exhibit concerning duplicative entries on Mr. Derryberry's timesheet, (Docket Entry No. 67-1, Ex. A), the Court counts eighteen (18) billing entries that are highlighted as duplicative. The Board's exhibit for Ms. Derryberry (Docket Entry No. 67-2, Ex. B), contains 19 highlighted entries. The Court will use the attorney's initials to indicate billing reductions, "JD" for Jack Derryberry, and "MD" for Marcella Derryberry. The Court agrees with the Board that duplicative billings exist only for the following dates, as shown by comparing Board Exhibits A & B: 8/9/2007, deduct 1.0 hour for JD; deduct 1.0 hour for MD (legal research and drafting on removal petition); 8/10/2007, deduct 4.50 hours for JD; no deduction for MD (preparation and filing of pleadings); 8/14/2007, no deduction for JD, deduct 5.17 hours for MD (preparation and filing of pleadings); 10/3/2007, deduct 1.0 hour for JD & 1.0 hour for MD (preparation for preliminary injunction hearing); 10/4/2007, deduct 2.0 hours for JD, no deduction for MD (preparation for preliminary injunction hearing); 1/24/2008, no deduction for JD, deduct 4.5 for MD (Dr. Sharber deposition); 7/28 & 29/2008, deduct 4.50 for JD, no deduction for MD (legal research to prepare for reply). **This results in a reduction of 13 hours for Mr. Derryberry and 11.67 hours for Ms. Derryberry.**

**B. Inadequate billing records of Ms. Derryberry**

Next, the Board contends that the billing records of Ms. Derryberry are inadequate and do not specifically describe the work performed, barring recovery. In Exhibit C (Docket Entry No. 67-3), the Board identified numerous telephone and e-mail communications between Ms. Derryberry and C.K., the client. When added together, these entries total 21.89 hours. At $250.00 per hour, this amounts to $5,472.50. From the billing entries, it appears that legitimate attorney-client

8

communications about matters relating to the case took place, but also that C.K. was frustrated with the proceedings. He apparently absorbed an inordinate amount of Ms. Derryberry's time venting his frustrations. The Court finds that a certain amount of attorney-client communication time is certainly reasonable and necessary, but 21.89 hours is not reasonable, where the entries do not specify sufficient constructive work on the case to justify the time billed. **The Court reduces the 21.89 hours billed by Ms. Derryberry to twenty-five percent (25%) or 5.47 hours, for a reduction of 16.42 hours.**

The Board challenges an entry on Ms. Derryberry's timesheet for February 23, 2007, for 6.83 hours for "[p]reparation for Jack's question and documents he will need for Dr. Sharber's deposition." Although the Court is not sure, the Court believes the entry relates to preparing deposition questions for Mr. Derryberry and gathering documents for Dr. Sharber's deposition. The billing statements show that Dr. Sharber's deposition was not taken until January 24, 2008, nearly a year later. (Docket Entry Nos. 67-1 at 6; 67-2 at 10.) Although the time entry could have been more detailed, the Court finds that it is sufficient, it does not appear the same work was billed again later, and the 6.83 hours will be allowed to stand.

The Board also challenges an entry for 2.67 hours on Ms. Derryberry's billing statement for October 6, 2008, which stated: "Continued to work on documents for filing. Sent documents to Jack to preview." (Docket Entry No. 67-3 at 22.) Although the Court agrees this time entry is vague, when read in context with the ones before and after, it is apparent that Ms. Derryberry was working on trial preparation. The Court will allow the billing entry to stand.

9

## C. Billing entries for secretarial work by Ms. Derryberry

The Board next contends that Ms. Derryberry engaged in various secretarial duties such as making copies, mailing, faxing, and e-mailing, but she charged an attorney's hourly rate for such work. Often the descriptions of secretarial duties and legal work were included in one billing entry, making it difficult to discern how much time was devoted to legal work and how much to secretarial work. Having reviewed the Board's Exhibit D (Docket Entry No. 67-4), the Court finds that the following deductions are in order, these hours to be charged at a secretarial rate of $25 per hour: thirteen (13) .3 hour deductions on 1/31/2006, 2/4/2006, 2/5/2006, 3/8/2006, 9/20/2006, 6/20/2007, 7/27/2007, 8/13/2007, 9/24/2007, 12/20/2007, 3/15/2008, 7/31/2008, and 3/24/2008; five (5) .5 hour deductions on 1/30/2006, 11/2/2006 , 11/9/2006, 1/15/2008, and 6/23/2008; and one (1) 1.83 hours deduction on 4/25/2006. **These deductions total 8.23 hours, to be paid at $25.00, not $250.00, per hour.**

## D. The lodestar calculation

After ruling upon the specific objections made by the Board, the following reductions in the attorney's fee requests are granted: Ms. Derryberry, 36.32 hours (11.67 + 16.42 + 8.23) at $250.00 per hour for a total of $9,080.00; however, 8.23 hours are allowed at $25.00 per hour for $205.75, so the total reduction is $8,874.25. Since Ms. Derryberry requested 606.02 hours at $250.00 per hour, or $151,505.00, the Court's reduction of $8,874.25 results in an initial lodestar fee award of $142,630.75.

Mr. Derryberry requested compensation for 130.73 hours at $265.00 per hour, for a total of $34,643.45. The Court deducts 13.0 hours at $265.00 per hour, or $3,445.00. This results in an initial lodestar fee award for Mr. Derryberry of $31,198.45.

10

### E.  Reduction of lodestar amounts for limited success

Finally, the Board contends that any fee awards made must be reduced by fifty percent (50%) because of C.K.'s lack of success on one of his two claims or because he gained only partial relief. The Court held that C. was eligible for special education, and that the Board's failure to identify C. as a special education student promptly and to draft an appropriate IEP were procedural violations of the IDEA that caused substantive harm to C.  The Court also concluded, however, that C.'s parents were provided their due process rights at all relevant times and thus, there was no basis to find a procedural violation of the IDEA based on a lack of due process.  The Court ruled that all forms of relief ordered by the ALJ would remain in effect, except for that provision requiring the Board to include Dr. Shawn Stewart as a member of C.'s IEP team.

The Court agrees that it may adjust the lodestar figure to account for limited success, but the Court is not allowed to make a percentage reduction simply by comparing the total number of issues in the case with those upon which C.K. ultimately prevailed.  See Phelan, 8 F.3d at 374.  The Court concludes that the Derryberrys will each be fully and reasonably compensated for their work on this case if the Court imposes a twenty-five percent (25%) reduction.  Thus, Ms. Derryberry's lodestar award of $142,630.75 will be reduced by $35,657.69 to $106,973.06.  Mr. Derryberry's lodestar award of $31,198.45 will be reduced by $7,799.61, to $23,398.84.  This results in a grand total of attorney's fees of $130,371.90 ($106,973.06 + $23,398.84) and costs in the amount of $6,487.28. The Court need not reach the other issues raised by the parties.

### III.  CONCLUSION

The Court finds that C.K. is the prevailing party and he is entitled to reasonable attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B).  Ms. Derryberry is reasonably compensated at $250.00

per hour for attorney work and Mr. Derryberry is reasonably compensated at $265.00 per hour for attorney work. The Court has made reductions in the number of hours requested by both attorneys, however, resulting in a lodestar figure for Ms. Derryberry of $142,630.75 and for Mr. Derryberry of $31,198.45. The Court further reduced these lodestar figures by twenty-five percent (25%) for limited success. This results in an attorney's fee award to Ms. Derryberry of $106,973.06, and to Mr. Derryberry of $23,398.84, for a grand total attorney's fee award of $130,371.90, and $6,487.28 in costs.

    An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE